Dear Honorable Dahl,
The Attorney General is in receipt of your request for an opinion in response to the following question:
Whether the production of alcohol for use in "gasohol" would beviolative of Oklahoma Statutes related to alcohol production.
For the limited purpose of this opinion the term "gasohol" will refer to an ethel alcohol and gasoline mixture which is capable of use as a motor fuel.
The Oklahoma Alcoholic Beverage Control Act, 37 O.S. 501[37-501] et seq. (1971), as amended, regulates the manufacture, possession and sale of all alcoholic beverages. Title 37 O.S. 504 (1971) states that:
 "All alcoholic beverages as herein defined shall be subject to the provisions of this Act." (Emphasis added).
Alcoholic beverages are subsequently defined in the Act, 37 O.S. 506(2) (1971), as follows:
 "`Alcoholic beverages' means alcohol, spirits, beer, and wine as those terms are defined herein and also includes every liquid or solid, patented or not, containing alcohol, spirits, wine or beer and capable of being consumed as a beverage by human beings." (Emphasis added).
And, "alcohol" is defined in 37 O.S. 506(1) (1971) as follows:
 "Alcohol means and includes hydrated oxide of ethyl, ethel alcohol, ethanol, or spirits of wine, from whatever source or by whatever process produced. It does not include wood alcohol or alcohol which has been denatured or produced as denatured in accordance with Acts of Congress and regulations promulgated thereunder."
It, therefore, follows that one who manufactures or distills ethel alcohol in a form which is not denatured or which is "capable of being consumed as a beverage" is subject to the controls as set out in the Oklahoma Alcoholic Beverage Control Act, supra. Title 37 O.S. 505 (1971) states in part:
 "No person shall manufacture, rectify, sell, possess, store, import into or export from this State, transport, or deliver any alcoholic beverage except as specifically provided in this Act . . ."
The manufacturer or distiller of alcohol is required to be licensed, and the activities authorized by that license are limited. 37 O.S. 521(b) (1971). A distiller has been defined by statutes as follows:
 "`Distiller' means any person who produces spirits from any source or substance, or any person who brews or makes mash, wort, or wash, fit for distillation or for the production of spirits (except a person making or using such material in the authorized production of wine or beer, or the production of vinegar by fermentation), or any person who by any process separates alcoholic spirits from any fermented substance, or any person who making or keeping mash, wort, or wash, has also in his possession or use a still." 37 O.S. 506(9) (1971).
Should the alcohol be intended for mechanical use as a motor fuel, either by itself or in combination with other motor fuels, an industrial license is required to import, transport or use the alcohol. This requirement is set out in 37 O.S. 521(j) (1971) which reads in pertinent part:
 "(j) No other provisions of this act shall apply to alcohol intended for industrial, medical, mechanical, or scientific use. Industrial licenses may be issued to persons desiring to import, transport, and use alcohol for the following purposes:
(1) . . .
(2) . . .
 (3) For use in scientific, chemical, mechanical, industrial, and medicinal products and purposes.
 Any person receiving alcohol under authority of an industrial license who shall use, permit, or cause same to be used for purposes other than authorized purposes specified above, and all such alcohol, shall be liable to all provisions of this act, including payment of tax thereon.
 No provisions of this act shall apply to alcohol withdrawn by any person free of federal tax under a tax-free permit issued by the United States Government, if such alcohol is received, stored, and used as authorized by federal laws." (Emphasis added) .
It should further be noted that the Corporation Commission regulatory powers with respect to motor fuels. These powers found in 52 O.S. 326 and 52 O.S. 327 (1971) which provide as follows:
 "Jurisdiction is hereby conferred upon the Corporation Commission, and the same is authorized and empowered, to prescribe and promulgate such rules and regulations and/or specifications for safety and/or quality with reference to gasoline, kerosene, naphtha, motor fuel and/or burning oil as it may deem proper from time to time; provided that, the Corporation Commission shall prescribe rules and regulations governing the test for octane rating on motor fuels and prescribe such rating.
 Such specifications as may be prescribed and promulgated by the Corporation Commission shall be accepted as statutory enactments and shall be received as prima facie evidence by any court of competent jurisdiction within the State of Oklahoma." 52 O.S. 325 (1971).
 "It shall be unlawful for any person to sell, or offer for sale, any of the following liquids without first having had the same inspected as herein provided, namely: Kerosene or any burning oil; naphtha; gasoline; motor fuel of any character as now or hereafter defined by law; any liquid intended to be mixed with any of the foregoing liquids to form a mixture designed to be used as in internal combustion engines for propelling automotive vehicles.
 It shall be unlawful for any person to sell, or offer for sale, any mixtures or combinations of any two or more of the foregoing liquids without first having had such mixture or combination inspected as herein provided, and it shall not be an excuse or defense to a prosecution therefor that the component liquids had previously been inspected.
 If any person shall sell, or offer for sale, any of the above mentioned liquids or mixtures or combinations, without having had the same inspected as herein provided, he shall be guilty of a misdemeanor and be subject to a fine of $500.00 and imprisonment for ninety (90) days, or both, for each offense." 52 O.S. 327 (1971).
 It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: The production of alcohol for use in themanufacture of "gasohol" is not per se violative of Oklahoma statutes,but a distiller's license must be obtained pursuant to 37 O.S. 521(b)(1971) and statutes pertaining to an industrial license, 37 O.S. 521(j)(1971), and the Corporation Commissions' power to regulate motor fuels,52 O.S. 325 and 52 O.S. 327 (1971), must be complied with.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
CAROL ELAINE ALEXANDER, ASSISTANT ATTORNEY GENERAL
DUANE N. RASMUSSEN, ASSISTANT ATTORNEY GENERAL